

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM:NCG
F. #2022R00224

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 3, 2023

By ECF

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Kurbonali Sultanov
                   Criminal Docket No. 22-149 (NRM)

Dear Judge Morrison:

       The government respectfully submits this letter to supplement its opposition to the defendant's motion to suppress, ECF No. 22, (hereinafter, "Gov. Opp."). After the government filed its most recent submission, two cases relevant to the defendant's motion were decided: United States v. Xiang, 67 F.4th 895 (8th Cir. 2023) and United States v. Smith, No. 22-CR-352 (JSR), 2023 WL 3358357 (S.D.N.Y. May 11, 2023). While neither case is binding on this Court, the government presents them to the Court for its consideration. The government respectfully submits that the Court should follow the reasoning set forth in United States v. Xiang, or alternatively apply the good faith exception as in United States v. Smith.

      I.    Unites States v. Xiang

       Noting that "[n]o Circuit has held that the government must obtain a warrant to conduct a routine border search of electronic devices," the Eighth Circuit's decision in Xiang affirmed a district court's order that U.S. Customs and Border Protection ("CBP") officers had reasonable suspicion to conduct a non-routine forensic search of the defendant's electronic devices under the Fourth Amendment border search exception. 67 F.4th at 897. In Xiang, the defendant, who was a Chinese citizen and long-time resident of the United States, submitted his resignation from Monsanto Company, where he worked as an Advanced Imaging Scientist. Id. at 897-98. At that point, a Monsanto investigator shared concerns regarding the defendant with the Federal Bureau of Investigation ("FBI"), including that the defendant had misrepresented himself as a university student and attempted to acquire information about certain technologies. Id. at 898. The FBI also learned that the

defendant had conducted suspicious Google searches, sent information to a Chinese competitor, sent trade secrets to a personal account, and had been associated with a former employee who shared trade secrets with a Chinese competitor. Id. The FBI later discovered that the defendant had booked a one-way ticket to China without his family, who also resided in the United States. Id.

In light of the above information, a CBP officer entered a "lookout" for the defendant to alert other CBP officers that a secondary inspection of the defendant's electronic devices might be necessary based on national security concerns, such as theft of trade secrets. Id. When the defendant arrived at the airport for his flight to China, CBP officers seized his cell phone, laptop, SD card, and SIM card for secondary inspection. Id. at 899. The FBI received the devices on June 13, 2017 and found six documents containing trade secrets or intellectual property. Id. On July 27, 2017, the FBI obtained a warrant to search the devices. Id. The defendant filed a motion to suppress evidence from his electronic devices, which the district court denied.

The Eighth Circuit held that the border search of the defendant's electronic devices fell within the Fourth Amendment border search exception and was tethered to relevant border search justifications. Id. at 900. The defendant argued that "electronic devices are different" based on Riley v. California, 573 U.S. 373 (2014), but the Circuit court noted that Riley "involved a different Fourth Amendment exception, searches incident to arrest." Xiang, 67 F.4th at 900. The Xiang Court noted that no Circuit has held that the government must obtain a warrant to conduct a routine border search of electronic devices and agreed with other courts that Riley does not apply to border searches. Id. The court declined to address whether reasonable suspicion is required for a non-routine border search of electronic devices because the CBP plainly had reasonable suspicion to conduct a forensic search in this case. Id. at 901. The Court thus affirmed the district court's denial of the motion to suppress. Id. at 899.

Here, as discussed in detail in the government's supplemental letter, ECF No. 27, the Court should follow the reasoning set forth in Xiang and hold that the CBP had reasonable suspicion to conduct a manual, cursory review of the defendant Sultanov's cell phone. As in Xiang, the Court need not determine what level of scrutiny is required for a manual border search of an electronic device, because there is plainly reasonable suspicion in this case. Indeed, in the instant case, the search of the defendant's phone was a manual, cursory review, while in Xiang, CBP conducted a forensic search of multiple electronic devices. 67 F.4th at 899. Additionally, in Xiang, law enforcement searched the devices extensively before obtaining a warrant, 67 F.4th at 899, while here, law enforcement obtained a search warrant before conducting any type of forensic review. Thus, the Eighth Circuit's decision in United States v. Xiang supports a denial of the motion to suppress in this case.

2

II. United States v. Smith

The Southern District of New York recently denied a motion to suppress based on the good faith exception while holding that a border search of a cell phone, which included copying the contents of the phone, was unreasonable based on the specific facts in that case. There, the defendant was being investigated by Homeland Security Investigations ("HSI") and the FBI, who asked CBP officers to search him upon his return to Newark airport from Jamaica. Id. CBP agents obtained his cellphone and password and made a forensic copy of the phone. Id. at *3. Thirty-eight days later, after law enforcement had begun reviewing the forensic copy, the government obtained a warrant to search the phone. Id. at *3.

The district court found that the border search violated the defendant's Fourth Amendment rights but declined to suppress the fruits of the search because the good faith exception applied. Id. at *16. Judge Rakoff reasoned that the content of a person's cell phone did not appropriately fall within the border search exception because individuals have a strong privacy interest in the contents of their phone. Id. at *6. Judge Rakoff concluded that the search in that case was unreasonable under the Fourth Amendment but noted that this holding was "more protective than the approach of any circuit court to consider the question," id. at *11, recognizing that "of the five federal courts of appeals to consider the question [at the time of writing], none has gone quite this far." Id. at *9. Additionally, because it was not implicated by the facts of the case, the court declined to resolve whether a warrantless border search for digital contraband is reasonable. Id. at *8.

Nonetheless, the Court declined to suppress the contents of the phone, applying the good faith exception. Id. at *13. The Court noted that "given the historic breadth of the 'border search exception'" and relevant case law, "a reasonable government agent could have a good faith belief" that the border search was permissible and that a 2018 CBP directive expressly warranted such a search. Id. Additionally, fruits of the cell phone search were not subject to suppression because the government properly informed the Magistrate Judge of the circumstances surrounding the search in the warrant application. Id. at *14. Thus, the motion to suppress was denied. Id. at *19.

There are three critical factual differences that differentiate the instant case from Smith. First, in Smith, HSI and FBI agents were aware that the defendant had left the country and would re-enter. Id. at *2. They requested that CBP stop the defendant when he entered the border to aid in their investigation of an alleged conspiracy, essentially using the border search process to further an ongoing investigation. Id. In this case, however, CBP Officer Pichardo saw an alert for Sultanov as he entered the country related to Sultanov's potential possession of child pornography, and this gave him reasonable suspicion to search the defendant's cell phone for digital contraband. Gov. Opp. at 23.

Second, the search in Smith was more extensive than the manual, cursory review conducted in this case. In Smith, agents saved an electronic copy of Smith's phone and reviewed the material over weeks before obtaining a search warrant. 2023 WL 3358357, at *1. Here, CBP Officer Pichardo conducted a cursory, manual review of the defendant's

3

phone in airplane mode and found the digital contraband within approximately ten minutes of reviewing the phone; law enforcement then obtained a search warrant before conducting any further review. Gov Opp. at 2, 22.

Third, the digital material in Smith was not contraband. The review in this case was limited to digital contraband—child pornography—which is illegal to possess and bring into the country. For these reasons, unlike the circumstances in Smith, there was reasonable suspicion sufficient for the manual, cursory review of the defendant's cell phone for digital contraband.

In any event, even if the Court should find that evidence included in the search warrant affidavit was illegally obtained (which it was not), the Court should find that the good faith exception applies, as the court did in Smith. Id. at *16. Here, as in Smith, law enforcement believed in good faith that the search was lawful. See id. at *13. Additionally, as in Smith, the government did not mislead the judge who signed the warrant regarding the facts and circumstances. ECF No. 27 at 8-9.

III. Conclusion

For the reasons discussed in the government's memorandum of law in opposition to the defendant's motion to suppress and the government's supplemental letter, the evidentiary hearing, oral argument, and the reasons noted above, the motion to suppress should be denied in its entirety.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Nina C. Gupta
Assistant U.S. Attorney
(718) 254-6257

4