

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM:NCG
F. #2022R00224

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 12, 2023

By ECF

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Kurbonali Sultanov
              Criminal Docket No. 22-149 (NRM)

Dear Judge Morrison:

      The government respectfully submits this brief reply to the defendant's submission dated August 22, 2023, see ECF No. 33, (hereinafter, "the Defendant's Supplement" or "Def. Supp."), and to supplement its opposition to the defendant's motion to suppress, ECF No. 22, (hereinafter, the "Government's Opposition" or "Gov. Opp."). For the reasons discussed in the Government's Opposition, the government's supplemental letters, and the reasons set forth below, the motion to suppress should be denied.

      First, the Defendant's Supplement continues to incorrectly maintain that a custodial interrogation occurred when the defendant provided his cell phone password to a U.S. Customs and Border Protection ("CBP") Officer. As previously stated in the Government's Opposition, the Second Circuit has repeatedly examined facts and circumstances surrounding secondary inspections at airports and border crossings and found that they amount to nothing more than a routine, non-custodial border search. See Gov. Opp. at 16-18; see also United States v. Kamaldoss, No. 19-CR-543 (ARR), 2022 WL 1200776, at *7-8 (E.D.N.Y. Apr. 22, 2022). In contrast, the defendant has cited no cases holding that a custodial interrogation occurs when a passenger is asked for his password in secondary inspection. Indeed, none of the cases the defendant cites in the Defendant's Supplement occurred at the border in secondary inspection. See Def. Supp. at 3-4.

      Second, the Defendant's Supplement fails to recognize or address the Eighth Circuit's recent decision in United States v. Xiang, 67 F.4th 897 (8th Cir. 2023), which joined a long line of Circuit cases in holding that no warrant is required to conduct a routine border search of electronic devices. Indeed, the Fifth Circuit recently joined that long line in

holding that the government may conduct manual cell phone searches at the border without any individualized suspicion.  United States v. Castillo, 70 F.4th 894, 898 (5th Cir. 2023).  In Castillo, law enforcement manually reviewed the defendant's cell phone and discovered child pornography.  Law enforcement then conducted a forensic search of the phone and of other electronic devices in the defendant's possession.  In upholding the search, the Fifth Circuit stated it saw "no reason to disagree with [its] sister circuits" and held that no reasonable suspicion is required to conduct a routine manual cell phone search at the border.  Id.

Third, the defendant's arguments regarding the good faith exception are misplaced.  The defendant argues that law enforcement misled the judge who signed the search warrant for the defendant's cell phones because the defendant maintains that he did not provide his password voluntarily.  Def. Supp. at 6.  But the evidence at the evidentiary hearing demonstrated the opposite.  The defendant in fact provided his password to the CBP Officer and showed items on his phone to the Special Agent throughout his interview.  Under these circumstances, it was entirely reasonable for the Special Agent who signed the search warrant affidavit to believe that the defendant acted voluntarily when he provided his password, and there was no misrepresentation to the judge.

Fourth, the defendant misstates the holding of United States v. Silva, 715 F.2d 43 (2d Cir. 1983).  Def. Supp. at 7.  There, the Second Circuit explicitly found that Miranda warnings were not required when the defendant was asked routine questions by law enforcement at the border in secondary inspection.  The same is true here.

In short, the defendant's motion to suppress should be denied in its entirety.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Nina C. Gupta
Assistant U.S. Attorney
(718) 254-6257