

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

September 14, 2023

Honorable Nina Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**   *United States v. Sultanov*
            **No. 1:22-cr-00149-NRM**

Dear Judge Morrison,

    The Knight First Amendment Institute at Columbia University and the Reporters Committee for Freedom of the Press ("Prospective Amici"), which first learned of this case on September 6, 2023, respectfully move for leave to submit an amicus curiae brief in support of Defendant's pending motion to suppress.[1] Prospective Amici respectfully request that the Court set September 29, 2023, as the deadline for submission of the amicus brief. Defendant consents to this motion, and the government takes no position on it.

    This Court has "broad discretion to grant or deny an appearance as amicus curiae in a given case." *Andersen v. Leavitt*, No. 03-CV-6115 (DRH) (ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (internal quotation marks and citation omitted). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (citation omitted). "'[A]n

---

[1] Scott Wilkens, one of the undersigned counsel, is your Honor's second cousin. This distant relationship would not require your Honor's recusal if this motion were granted. *See* 28 U.S.C. § 455. "[A] reasonable person, knowing all the facts," would not "conclude that [your] impartiality could reasonably be questioned." *United States v. Rechnitz*, 75 F.4th 131, 144–45 (2d Cir. 2023) (interpreting 28 U.S.C. § 455(a)). Furthermore, counsel is not "a person within the third degree of relationship" of your Honor under 28 U.S.C. § 455(b). *See Rechnitz*, 75 F.4th at 142–43. If the Court determines that granting this motion would warrant recusal, Prospective Amici respectfully withdraw the motion.

*amicus* brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties may be able to provide.'" *Andersen*, 2007 WL 2343672, at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997) (Posner, J.)). Granting leave to appear as amicus curiae is particularly warranted in cases that "involv[e] matters of public interest." *Id.* (internal quotation marks omitted).

Prospective Amici are non-partisan, not-for-profit organizations with a strong interest in this case because it raises pressing issues of privacy and free expression that extend far beyond the facts of this case. Warrantless searches of electronic devices at the border burden and chill the First Amendment–protected activities of all travelers. Journalists are particularly vulnerable to the chilling effects of electronic device searches, both because confidential or vulnerable sources may refuse to speak with reporters for fear that anything they say may end up in the government's hands, and because such searches can be used to retaliate against or deter reporting critical of the government. Numerous complaints filed by travelers (and obtained by the Knight Institute pursuant to a Freedom of Information Act request) demonstrate that the government often abuses its authority to conduct border searches in order to scrutinize sensitive expressive and associational content that travelers store on their devices.

Prospective Amici intend to argue that warrantless searches of electronic devices at the border violate the Fourth Amendment under the analytical framework set forth in *Riley v. California*, 573 U.S. 373 (2014), because they constitute a severe intrusion upon individual privacy. Prospective Amici also intend to argue that the First Amendment applies independently to device searches at the border, and that under a traditional First Amendment analysis, warrantless searches of electronic devices are plainly unconstitutional. Finally, Prospective Amici intend to argue that the serious First Amendment implications of device searches should weigh heavily in the Court's Fourth Amendment analysis because of the Supreme Court's admonition that the Fourth Amendment's warrant requirement be applied with "scrupulous exactitude" when searches burden free expression. *Zurcher v. Stanford Daily*, 436 U.S. 547, 564 (1978) (quoting *Stanford v. Texas*, 379 U.S. 476, 485 (1965)).

For these reasons, Prospective Amici respectfully request that the Court grant them leave to file an amicus curiae brief on or before September 29, 2023.

        /s/ *Alex Abdo*
Alex Abdo (AA0527)
Scott Wilkens
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
alex.abdo@knightcolumbia.org