

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:NCG
F. #2022R00224

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 18, 2023

By ECF

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Kurbonali Sultanov
                Criminal Docket No. 22-149 (NRM)

Dear Judge Morrison:

      The government respectfully submits this letter to supplement its opposition to the defendant's motion to suppress, ECF No. 22, (hereinafter, "Gov. Opp.") and to alert the Court to a recent relevant case that was decided on border searches, United States v. Chinwendu Alisigwe, No. 22-CR-425 (VEC), 2023 WL 8275923 (S.D.N.Y. Nov. 30, 2023). While this case is not binding on this Court, the government presents it to the Court for its consideration. The government respectfully submits that the Court should follow the reasoning set forth in this case and deny the defendant's motion in its entirety.

      In Alisigwe, the Court denied the defendant's motion to suppress evidence obtained from searches of his cell phones conducted at the border upon his return to the United States. Id. at *1. There, Homeland Security Investigations ("HSI") opened an investigation after receiving information that Alisigwe was using multiple identities and possessed a fraudulent South African passport. Id. The defendant was ultimately stopped by U.S. Customs and Border Protection ("CBP") agents at John F. Kennedy International Airport ("JFK Airport") upon his return to the United States from Nigeria. Id. The defendant agreed to speak with HSI agents, and the HSI agents took the defendant's cell phone, directed him to unlock it, and reviewed it manually before returning the phone to the defendant. Id. Approximately two years later, the defendant was again stopped by CBP agents at JFK Airport upon his return to the United States. Id. at *2. CBP agents took two cell phones from the defendant, directed him to unlock the phones, and searched the phones manually. Id. at *2. The defendant was eventually arrested. Id.

The defendant argued that evidence from his cell phones should be suppressed because the government did not obtain a search warrant for the defendant's phones. But the Court held that the border searches, although nonroutine, were justified by reasonable suspicion, and that in any event, the good faith exception applies. Id. at *4. Notably, the court noted that Riley v. California, 573 U.S. 373 (2014), "did not upend long-settled precedent governing border searches and that 'the Fourth Amendment's balance of reasonableness is qualitatively different at the international border than in the interior" and is 'struck much more favorably to the Government.'" Id. (quoting United States v. Montoya de Hernandez, 473 U.S. 531, 538–40 (1985)). The court found that the government "satisfied its relatively modest burden to show reasonable suspicion," id. at *6, because HSI had an existing investigation into the defendant and was planning to pursue charges against the defendant. And the defendant's motion to suppress would nevertheless fail under the good faith exception because "neither the Supreme Court nor the Second Circuit has addressed the lawfulness of warrantless searches of cellphones at the border." Id. at *7. At the time law enforcement searched the defendant's cell phones in February 2018 and March 2021, federal courts had concluded either that border searches of cell phones were routine and did not even require reasonable suspicion or that forensic border searches required reasonable suspicion. Id. at *7. Thus, even if a warrant was required, the good faith exception applied.

The same reasoning should apply here. Indeed, in this case, law enforcement obtained a search warrant after conducting a manual review of the defendant's cell phone.

For the reasons stated in the government's opposition to the defendant's motion to suppress, ECF No. 22, and the government's supplemental letters, the defendant's motion to suppress should be denied in its entirety.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Nina C. Gupta
Assistant U.S. Attorney
(718) 254-6257

2