

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:NCG
F. #2022R00224

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 24, 2025

<u>By ECF</u>

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Kurbonali Sultanov
               <u>Criminal Docket No. 22-149 (NRM)</u>

Dear Judge Morrison:

      The government respectfully submits this letter in advance of sentencing in the above-referenced case, currently scheduled for Friday, October 3, 2025, at noon. On January 31, 2025, the defendant pled guilty to the sole count of the indictment, which charged the defendant with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). For the reasons explained below, a sentence of 78 months, within the applicable United States Sentencing Guidelines ("U.S.S.G. or "the Guidelines") range of 78 to 97 months, would be sufficient, but not greater than necessary and balances the seriousness of the defendant's crime and the need for deterrence.

     I.    <u>Background</u>

      The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR").

      On March 5, 2022, the defendant arrived at John F. Kennedy International Airport ("JFK Airport") from Uzbekistan. PSR ¶ 6. At the time of his entry in the United States, a Treasury Enforcement Communications System ("TECS") alert indicated the defendant was a potential purchaser of child sexual abuse material ("CSAM"). *Id.* ¶ 5. When the defendant arrived at JFK Airport, United States Customs and Border Protection ("CBP") officers referred the defendant to secondary inspection for an electronic search of his cell phone. *Id.* ¶ 6. The defendant provided the passcode to his cell phone, and upon review of the phone CBP officers discovered approximately 10 videos depicting CSAM. *Id.* ¶ 6. A second phone belonging to the defendant was subsequently discovered but had no battery power. *Id.* CBP officers contacted Homeland Security Investigations ("HSI") agents to initiate a further investigation.

      Two Special Agents of HSI subsequently conducted an interview of the defendant, during which the defendant made several admissions. *Id.* ¶ 7.[1] In particular, he admitted that he had purchased approximately 180 videos of CSAM from the Russian social media platform Odnoklassniki and paid approximately $50 for them via PayPal. *Id.* He stored some of these videos and images in a folder on his phone titled "Po." *Id.* A subsequent forensic review, following issuance of a search warrant for the defendant's devices, revealed 33 images and 80 videos of CSAM. *Id.* ¶ 8. The children depicted in this material appear to be as young as two to three years old. *Id.* ¶ 8. In one video, which was approximately four minutes long, an adult male undressed a minor child, who was approximately five to seven years old, placed his mouth on her vagina, and then placed her on her hands and knees and inserted his penis into her vagina while he was behind her. *Id.*

      The defendant claimed to be unaware that possessing videos depicting minors in sexual activity was illegal, but he also admitted to attempting to delete a video showing a "guy and lady with a very very young girl," though he said he became distracted and failed to complete the deletion. *Id.* ¶ 7. The defendant stated that he viewed such material only when bored and had last accessed it approximately 20 days prior. *Id.* He could not recall when he first viewed CSAM but acknowledged seeing such content while browsing other pornography online. *Id.* He admitted to searching for "17 years old" but claimed these searches yielded only adult content. *Id.* The defendant was arrested following the interview.

      The defendant's CSAM collection was forwarded to the National Center for Missing and Exploited Children ("NCMEC") for victim identification. *Id.* ¶ 9. According to the victim information report produced by the Federal Bureau of Investigation ("FBI"), one victim was identified. *Id.*[2]

    II.    <u>Guidelines Calculation</u>

      The Probation Department calculated the Guidelines (the "Guidelines" or "U.S.S.G.") range for the defendant as follows:

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2G2.2) | | 18 |
| Plus: | The offense involved a prepubescent minor or a minor who had not attained the age of 12 years. (U.S.S.G. § 2G2.2(b)(2)). | +2 |
| Plus: | The offense involved the sexual abuse or exploitation of an infant or toddler. (U.S.S.G. § 2G2.2(b)(4)(B)). | +4 |

---

    [1]    The PSR notes that the interview was a post-arrest interview, but the interview of the defendant occurred prior to his arrest.

    [2]    The government anticipates filing a letter regarding restitution to the identified victim the same day as it files this letter.

| | | |
|---|---|---:|
| Plus: | The offense involved the use of a computer. (U.S.S.G. § 2G2.2(b)(6)). | +2 |
| Plus: | The offense involved over 600 images.[3] (U.S.S.G. § 2G2.2(b)(7)(D)). | +5 |
| Less: | Timely acceptance of responsibility for the offense. (U.S.S.G. §§ 3E1.1(a), (b)). | -3 |
| Total: | | <u>28</u> |

The government agrees with this calculation. Based on a total offense level of 28 and a Criminal History Category of I, the Guidelines range is 78 to 97 months imprisonment. PSR ¶ 66.

III. <u>Applicable Law</u>

As the Court is aware, under *United States v. Booker*, 543 U.S. 220, 245 (2005), the Guidelines are advisory and not mandatory. The Supreme Court made clear that district courts are still "require[d] . . . to consider Guideline ranges" in determining sentences, but that they also may tailor the sentence in light of other statutory concerns. *Booker*, 543 U.S. at 220; *see* 18 U.S.C. § 3553(a). "[S]entencing judges remain under a duty with respect to the Guidelines . . . to consider them, along with the other factors listed in section 3553(a)." *United States v. Crosby*, 397 F.3d 103, 111 (2d Cir. 2005).

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party"; the Court "may not presume that the Guidelines is reasonable" and "must make an individualized assessment based on the facts presented." *Id.* at 49-50 (citation and footnote omitted).

Section 3553(a) requires a court to consider a number of factors in imposing a sentence, including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the violation, to promote respect for the law, and to provide a just punishment for the violation; the need for the sentence to afford adequate deterrence to criminal conduct; to protect the public from further crimes or violation of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. The court must also consider the kinds of sentences available, the applicable

---

[3] Specifically, the instant offense included 80 videos and 33 images. Per Application Note 6(B)(ii), one video is considered to have 75 images. Therefore, the offense involved the equivalent of 6,033 images.

3

sentencing guidelines and pertinent policy statements, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(6).

    IV.    <u>A Guidelines Sentence Is Appropriate</u>

A sentence of 78 months is appropriate in this case. As an initial matter, the "nature and circumstances of the offense"—the possession of material involving the sexual exploitation of children—is not only extremely serious, it is one of the most insidious victimizations of children. The prevention of the sexual exploitation and abuse of children is an objective of paramount importance in the criminal laws passed by Congress, due to the psychological and physical effects that abuse has on children and their families, effects that last for a lifetime. An appropriate sentence must reflect the gravity of these harms while achieving the fundamental goals of deterrence, just punishment, and public protection.

The primary victims in child pornography offenses are the children depicted in the defendant's child pornography. *United States v. Sherman*, 268 F.3d 539, 547-48 (7th Cir. 2001). As the *Sherman* Court noted, "child pornography directly victimizes the children portrayed by violating their right to privacy," *Sherman*, 268 F.3d at 547, and "children . . . suffer profound emotional repercussions from a fear of exposure[] and the tension of keeping the abuse a secret[.]" *Id.*

The possession of images of child sexual victimization is not a victimless crime. *See, e.g.*, *United States v. Gouse*, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing][them] for life" (internal quotation marks omitted)). Even a "passive consumer who merely receives or possesses the images directly contributes to this continuing victimization." *Sherman*, 268 F.3d at 545 (citations and marks omitted). "Indeed, one of the reasons for criminalizing the 'mere' possession of child pornography is to create an incentive for the possessor to destroy the material, and alleviate some of these harms to the children depicted." *Id.* at 547. Adequate punishment, respect for the law and just punishment all call for a serious sentence of imprisonment. *See* 18 U.S.C. § 3553(a)(2).

Here, the defendant possessed numerous videos and images with shocking and disturbing content. *See* PSR ¶ 8. These materials depicted graphic sexual abuse of children who appeared to mostly be between the ages of two and seven, including at least three videos and two images that showed vaginal intercourse by adult males with a minor female victim. *Id.*

The government acknowledges the familial responsibilities the defendant faces as set forth in more detail in the PSR, but given the serious nature of the charged offense and the numerous victims of the defendant's actions, a sentence of at least 78 months is necessary to serve the goals of sentencing in this case.

In addition, the defendant is subject to restitution in this case. To date, one restitution request has been received in the amount of $5,000.00. As noted *supra*, the government is filing a submission under seal regarding restitution, including the restitution request from the sole identified victim of the defendant's offense.

4

The government also requests that the Court impose a lengthy term of supervised release, including all of the mandatory and standard terms of supervised release set forth in U.S.S.G. §§ 5D1.3(a)-(c). The government further requests the special conditions proposed in the PSR, including a search condition when reasonable suspicion exists that the defendant has violated a condition of supervision and that areas to be searched contain evidence of the violation; not associating with children under the age of 18 without a responsible adult and prior approval from Probation; cooperation with Probation's Computer and Internet Management/Monitoring ("CIMP") program and reporting of all electronic communications service accounts; mental health treatment; compliance with restitution; compliance with sex offender registration requirements; and not associating with other registered sex offenders unless in a therapeutic setting. All of these special conditions are warranted given the nature and circumstances of the offense—possession of CSAM and use of the internet to view such images and videos.

V.    Conclusion

The seriousness of the underlying offense is evident on its face, and adequate punishment of the offense itself, the need for specific and general deterrence, and, most importantly, protection of children all call for a significant sentence. The government therefore requests that the Court impose a sentence of 78 months, which would be sufficient, but not greater than necessary, to achieve the purposes of sentencing.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
Nina C. Gupta
Assistant U.S. Attorney
(718) 254-6257

cc:    Clerk of Court (NRM) (by ECF and e-mail)
Counsel of Record (by ECF and e-mail)
U.S. Probation Officer Nicole Gervase (by e-mail)