UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

KURBONALI SULTANOV,

        Defendant.

- - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF FORFEITURE

22-CR-149 (NRM)

WHEREAS, on or about January 31, 2025, Kurbonali Sultanov (the "defendant"), entered a plea of guilty to the offense charged in the Sole Count of the above-captioned Indictment, charging a violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2); and

WHEREAS, pursuant to 18 U.S.C. § 2253(a), the defendant has consented to the forfeiture of all right, title, and interest to the United States in the following assets, both seized by law enforcement on or about March 5, 2022, at John F. Kennedy International Airport in Queens, New York (collectively, the "Seized Property"):

    (i)    one Samsung Galaxy Note 20 cellular telephone with serial number R5C1270B733T; and

    (ii)    one Samsung Galaxy Note 20 cellular telephone with serial number R5CR82BW88H,

as: (a) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to,

gross profits or other proceeds obtained from such offense; (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.   Pursuant to 18 U.S.C. §§ 2253(a) and 2253(b), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States all right, title, and interest in the Seized Property.

2.   Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Seized Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

3.   The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Seized Property in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Property as a substitute for published notice as to those persons so notified.

4.   Any person, other than the defendant, asserting a legal interest in the Seized Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official

government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Seized Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

        5.        The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Seized Property in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Property in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Property to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Property passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Property to the United States. Further, if any third party files a claim to the Seized Property, the defendant will assist the government in defending such claims. If the defendant fails to surrender and forfeit the Seized Property, the defendant consents to the forfeiture of any other property of his up to the amount of the value of the Seized Property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Seized Property, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Seized Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court's "so ordering" of the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, two (2) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:  Brooklyn, New York
            September 25, 2025

SO ORDERED:

/s/ NRM
HONORABLE NINA R. MORRISON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK