# Exhibit A

February 13, 2026

Dear Judge Morrison,

I, Sultanova Movluda Toshtamovna, born in 1960, am the mother of Sultanov Kurbonali. I am retired and classified as a Group II disabled individual. Sultanov Kurbonali was born in 1993, and he grew up to be diligent, hardworking, and responsible. In 2012, he won the Green Card lottery and traveled to the United States of America to work. Since that time, he has continuously provided financial support to all of his - his parents, siblings, and close relatives. Whenever I am talking about Kurbonali now, I can't keep myself from crying. I haven't seen him for four years. I am missing him a lot.

He has been a consistent source of love and support for all of us. He sends money to us every month for our household expenses and he also helps financially with bigger expenses. For example, he helped me and his father build a new home, and bought us and his younger brother cars. When his brother Isoqboy's two children were each born with medical complications, Kurbonali paid the medical bills. One of Isoqboy's children was born with a congenital heart defect and required surgery at only 3 months old. Despite the fact that Kurbonali was under home confinement at that time, he helped pay for my grandchild to undergo surgery. At present, the child's condition has significantly improved. He often emphasizes, "This assistance is not a debt—it is my duty as a son to my parents and my duty as a brother to my sisters and brothers."

He also provides for his own son. On November 11, 2022, Kurbonali's son was born. Unfortunately, his child was also diagnosed with a serious congenital condition and is classified as a Group II disabled child. Kurbonali pays for his son's medical treatment.

As a mother, I can state with confidence that Sultanov Kurbonali is not a danger to society; on the contrary, he is a responsible, hardworking individual who serves as a pillar of support for his family. He is such a good boy, such a kind, nice person. I have no idea why he did what he did. I'm really shocked by this.

I respectfully ask the Court to take into consideration that my son is a devoted member of our family, kind-hearted, and deeply loyal to his parents.

Respectfully,

Sultanova Movluda Toshtamovna

Mother of Sultanov Kurbonali

Born in 1960

Group II Disabled Individual

February 13, 2026

Dear Judge Morrison,

I, Sultanov Toshtemir Isakovich, born on August 21, 1956, am currently retired. I am the father of Sultanov Kurbonali.

My son, Sultanov Kurbonali, was born in 1993. From a young age, he grew up to be a well-mannered, hardworking, responsible, and honest individual. In 2012, he departed for the United States of America through the Green Card program.

Even after moving to the United States, my son has never forgotten his family and has continuously provided both financial and moral support. When he is home, he'll spend the whole day with his sisters, helping them with their household routine. But because he has been so far away, overseas, his love and respect and kindness can be best shown with his financial support.

In particular, in 2015, he built a new home for our family. Despite undergoing a surgical operation for appendicitis himself in 2013, he continued to regularly send money to our family. Every year, he sends me to health sanatoriums to restore my health and for rest.

In March 2025, when I was diagnosed with heart disease—angina pectoris—Kurbonali fully ensured that I underwent surgery and received proper care. Even now, he continues to regularly provide financial support for my medications and hospital treatment.

Kurbonali has a son, born in 2022, who is classified as a Group II disabled child. His child has been diagnosed with a congenital hemorrhagic acute cerebrovascular accident affecting the left middle cerebral artery, right-sided hemiparesis, and hemihypesthesia. For his son's ongoing medical care, Kurbonali pays every three months for his son's ongoing hospitalization and treatment.

He is a generous, compassionate, hardworking, and kind-hearted person. We want to be able to have him home, to have him allowed to be near to us, to hug him, to see him. Our whole family is hoping for that. Every day, when he calls his mom, she is crying.

In conclusion, my son Kurbonali is a devoted family man, conscientious, hardworking, and compassionate. He consistently cares for his family, parents, and loved ones.

Respectfully,

Sultanov Toshtemir Isakovich

February 13, 2026

Dear Judge Morrison,

I, Sultonov Isoqboy Toshtemir ogli, born on August 8, 1997, hereby provide this character reference regarding my brother, Sultonov Kurbonali. Sultonov Kurbonali and I were raised together in the same family, and I have known him closely since childhood. He is a kind, responsible, and caring person who has consistently shown strong concern and support for his family members.

In 2012, my brother traveled to the United States of America for work. Since that time, our family's financial situation has significantly improved. He regularly sends financial support to our household. In April 2021, my daughter Yorqinoy was born with a congenital defect affecting her legs, and, then in 2022, my son Muhammadali was born with a congenital heart defect. My brother provided money to support both of their medical treatments. He has never treated any of this assistance as a loan, has never demanded repayment, and has never been possessive or reluctant in providing help. Throughout all these years, Sultonov Kurbonali has consistently supported not only me but all of his siblings financially.

His consistent support isn't only financial. He also gives advice to us and emotional support. When someone is sick, he is constantly checking on us on the phone. He also gave me the opportunity to work remotely with him when I had a difficult time finding a job here in Uzbekistan. Working with him was a pleasure. I was able to ask him if I didn't understand something and he would explain everything and teach me new things.

Even now, despite being under house arrest, my brother continues to support our family. He is a person who takes full responsibility for his family and demonstrates strong moral character and social responsibility. That he is so far away from us, and that we can't see him and hug him, is bothering us a lot.

I respectfully believe that my brother's personal character, role within the family, and sense of social responsibility should be taken into consideration by the Court.

Sincerely,

Sultonov Isoqboy Toshtemir ogli

February 13, 2026

Dear Judge Morrison,

I, Umarova Moxira, daughter of Toshtemir, born in 1981, hereby state that Sultanov Kurbonali Toshtemir ogli is my younger brother, and I am his eldest sister.

Together with my sisters, we raised and cared for Kurbonali until adulthood. From an early age, he grew up to be a diligent, hardworking, and family-oriented individual. At certain periods, our family experienced financial hardship. During those difficult times, it was precisely my brother's dedication, perseverance, and hard work that helped our family overcome those challenges.

In 2012, Kurbonali won the Green Card lottery and traveled to the United States of America. Since leaving for abroad, he has continuously provided financial and moral support to our parents and siblings, especially our younger brother Sultanov Isoqboy. For example, during Isoqboy's wedding and related ceremonies, Kurbonali assumed full organizational and financial responsibility, making sure everything was properly arranged.

My brother Kurbonali provides not only continuous support to his own parents and siblings, but also to my children. He is very caring to my kids – his nephews. They love him as an uncle very much. Thanks to his assistance, encouragement, and constant support, my children are now successfully working in professions suited to them, and they are deeply grateful to their uncle.

In 2025, our father became seriously ill and required a heart stent procedure. During this very difficult period, Kurbonali sent a large amount of financial support and fully covered all expenses related to our father's medical treatment. He consistently ensures that all of our parents' needs are met. In addition, he always shows care and attention toward me by giving gifts on holidays, special events, and my birthdays.

He is a great person and we are missing him a lot for the past 4 years. When he calls us, we try to gather together to talk to him. Our whole family is waiting for him.

Sincerely,

Umarova Moxira

I, Sultanova Irodakhon, daughter of Sayfitdin, born on February 16, 1998, hereby state that I am the sister-in-law of Sultanov Kurbonali.

On July 7, 2020, I joined this family as a bride. Due to the wedding taking place during the COVID-19 quarantine period, Kurbonali was unable to attend the ceremony in person; however, he made a significant contribution to ensuring that our wedding was held in a beautiful and dignified manner.

On April 16, 2021, I gave birth to a daughter. Her name is Yorqinoy. In May of the same year, Kurbonali visited us and organized our daughter's aqiqah ceremony in a beautiful manner.

Kurbonali is a kind-hearted, humorous, family-oriented, and compassionate person. He treats my children as his own and provides them with constant care and support. Whenever my children have been hospitalized, he has promptly provided financial assistance and ensured that they received proper medical treatment.

At the time of my daughter's birth, she was diagnosed with underdeveloped hip joints, which required monthly physiotherapy, massage treatments, and medication. In addition, my daughter experiences febrile seizures. For these ongoing medical needs, Kurbonali regularly sent financial support.

On May 20, 2022, my son Muhammad Ali was born with a congenital heart defect. After multiple medical examinations, doctors recommended that he undergo surgery. Thanks to the financial assistance provided by Kurbonali, we were able to have our son undergo surgery when he was only three months old. By the grace of God, he is now healthy and in good condition.

Kurbonali is a generous, open-handed, tolerant, and kind individual. We sincerely wish him good health and happiness for the sake of his loved ones. He is always in our prayers.

February 19, 2026

Dear Judge Morrison,

My name is Dilfuza Abdulkhairova, and I was born in 1980. I met Kurbonali Sultanov in 2019. We fell in love and decided to marry each other in a religious ceremony. Since then, we have been living together. We are very caring and loving to each other and we are a good family. Kurbonali has become a true father to my daughter, Jasmina, and has provided her with genuine fatherly love and care. He is very caring as a father.

Before meeting Kurbonali, I lived in very difficult housing conditions. He found us a suitable home and we moved. He provided stability and safety for our family. He has always stood by my side during both good and difficult times. He is kind and caring toward both me and my daughter. Whenever my daughter or I are ill, Kurbonali takes full responsibility by caring for us, preparing our meals, and ensuring that medications are taken on time.

My daughter Jasmina sees Kurbonali as her real father and loves and respects him deeply. He is very caring as a father and has consistently supported her. We also spend quality time together as a family. We have traveled together to Washington, D.C., visited the zoo, the White House, and Six Flags amusement park. We also regularly go to restaurants together and share positive family experiences.

I have come to fully understand how responsible, loyal, and family-oriented Kurbonali is. He genuinely respects and loves both me and my daughter and treats my daughter as if she were his own child. To this day, we continue to overcome both good and difficult times together as a family.

Kurbonali Sultanov is a devoted father, a responsible husband, and a trustworthy individual. I've known him for a long time and I believe that he is very remorseful about what happened. But, if he will get a jail time, that will absolutely ruin our lives, our family, and his family in Uzbekistan. I don't think his parents – who are old and sick – would be able to handle it. Please let him stay home with us.

Sincerely,

Dilfuza Abdulkhairova

I, Abdusamadov Abdumajid Komiljon Ogli, was born on July 25, 2004. Through this letter, I would like to provide information and a reference regarding my elder uncle, Sultonov Kurbonali.

Sultonov Kurbonali has supported me since my childhood. When my uncle went to the United States, I was still very young, but despite that, we stayed in frequent contact. In 2022, I graduated from secondary school; however, I was not able to enter a university. I had a strong interest in learning English, but due to our family's financial situation, I could not attend any language courses.

Later, I informed my uncle about my interest in studying English. Despite the fact that he was under house arrest at that time, he told me that he would provide any financial support I needed as long as I continued my education. Since there were no good educational centers in my hometown, Guliston city, I moved to Tashkent in 2023 and started my studies there.

Living in Tashkent was not inexpensive. My uncle covered my monthly expenses, including rent and food. After completing my studies, I started working in the American logistics field. For the first three to four months, I worked as a trainee and did not receive a salary. Even during that period, my uncle continued to support me financially. Currently, I am working in this field.

In short, my uncle, Sultonov Kurbonali, helped me get out of a very difficult situation in my life. If it were not for him, it is frightening even to imagine what kind of work I would be doing and how I would have found my path in life. Because of our difficult family circumstances, he has always asked whether we needed help and told me not to be ashamed to ask, saying that he would help as much as he could because he is my uncle. All the support he has provided has been given without expecting anything in return.

Respectfully,

Abdusamadov Abdumajid Komiljon Ogli

Date: February 19, 2026

February 9, 2026

Dear Judge Morrison,

I have known Kurbonali Sultanov since our childhood – for the past 26 years. We have been close friends from a very young age. We attended the same kindergarten and studied in the same school as classmates for nine years. Our families lived close to each other, and over the years we have shared many positive experiences together. I can't describe all the good things that happened in our 26 years of friendship. Also, in Uzbek culture, it isn't appropriate to brag about something, even something like a close friendship. But Kurbonali and I have shared our values, our time, and, sometimes, our last food together.

Kurbonali came to the United States in 2012, and I arrived five years later, in 2017. When I was preparing to come to the United States, Kurbonali provided financial assistance for preparing my documents and covered most of my expenses, including the cost of my airplane ticket.

After my arrival in the United States, Kurbonali continued to support me in many ways. He guided me whenever I did not understand something and taught me many things I did not know. Whenever I needed financial help, he assisted me, and whenever I needed advice, he never refused.

In 2019, Kurbonali helped me obtain my CDL truck driver's license, by training me in my driving, and providing financial support. After I received my CDL, in 2020, he mentored me in truck driving and shared his professional experience with me.

In 2020, I moved in with Kurbonali, and since then we have been living together. The kindness and support Kurbonali has shown me are countless. About two years ago, I was in deep depression because I was out of work. I was staying home the whole day. I didn't want to go out or talk to anyone. He helped me. He would come to me, talk to me, and support me. He was always trying to get me out of the house and free my mind. Even now, I have tears in my eyes because I am realizing how great he was to help me get out of this depressive condition. I have never regretted being his close friend. To this day, he has remained a mentor, a loyal friend, and a trustworthy individual.

Sincerely,

Ziyodulla Mamatqulov

February 9, 2026

Dear Judge Morrison,

I am writing this letter in support of Mr. Kurbonali Sultanov, whom I have known personally for over thirteen years. I respectfully submit this statement as a character reference.

I first came to know Kurbonali in 2012, when I helped him come to the United States. I picked him up from the airport and he stayed at my house while we looked for a place for him to live and work. We were roommates together for approximately three years. From the beginning, we were friends; now he is basically family. There are six of us - six Uzbeki guys - who are always together: any get togethers, any parties, any picnics, any going up to the mountains, anything - we're together. Kurbonali is an important part of our group. He is a very kind and positive person. He has a warm sense of humor and brings positivity to those around him. Whenever someone is in need of help, he is always among the first to offer assistance. He's not going to let us down.

For example, I saw him teach many of our friends how to drive, using his car. In our country, many women don't drive cars, but when they got to New Jersey, where we lived at the time, they had to learn. One time, one of our friend's wives accidentally pressed the gas pedal instead of the brake, and damaged Kurbonali's car by running into something in our driveway. Everyone was okay, but still, his car was damaged. But, he didn't ask for a penny; he didn't even get mad. He said, "that's okay, this is how you learn." He was so kind and nice. That's who he is: is a loyal friend, and someone who treats others with respect and dignity. If you need him, you call him, he will rush over to help.

In addition to our personal relationship, Kurbonali and I have worked together at the same company for over four years. He is eager at work, and loves to show he has completed something well. When he's done with something, he'll smile and ask, "didn't I do a great job?" Both personally and professionally, he has consistently demonstrated himself to be a hardworking, honest, and highly trustworthy individual. He is dependable, respectful, and takes his responsibilities seriously. He is a reliable colleague.

Based on my long-term personal knowledge and professional experience with Mr. Sultanov, I firmly believe that he is a person of good moral character. I was deeply concerned to learn of his situation, as it does not reflect the person I have known for many years. I respectfully ask to take my statement into consideration. Please feel free to contact me should further information be required.

Sincerely,

Furkat Djabbarov

201-688-7676

# Exhibit B

| Date Sent. | Case Number | Case Name | Sentence | Factual Summary | Guidelines |
|---|---|---|---|---|---|
| 06/13/12 | 11-CR-230 (ARR) | US v. Jones | Five years probation with three months home confinement | Defendant's computer connected to P2P file sharing network; agents downloaded 6 CP images. *See* Complaint, ECF No. 1, at 3-5. Search warrant execution yielded computer with 234 images and 7 videos of CP (759 total images after conversion). *Id.* Defendant charged with four counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 7. | Not on docket |
| 03/22/13 | 12-CR-170 (JBW) | US v. Mangual | Five years probation | Agents identified defendant's computer as sharing CP. Court's Sentencing Memorandum, Hearing and Order, ECF No. 43, at 6. Search warrant execution yielded computer with at least 365 images and 231 videos depicting child pornography (17,690 total after conversion); the victims depicted ranged from age 3 to 17. *Id.* Defendant charged with three counts of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 7. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 43, at 29-30. |

| 03/22/13 | 12-CR-157 (BMC) | US v. Alessi | Seven years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded 6 CP images. Complaint, ECF No. 1, at 3-4. Search warrant execution electronic devices with 1,200 images and 60 videos of CP (5,700 total after conversion). *Id.* at 6-7. The defendant admitted to having images of female children as young as two years old. *Id.* Defendant charged with five counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 8. | 97-120 months per plea agreement. Defense Sentencing Memo, ECF No. 21, at 2. |
| 11/26/13 | 12-CR-436 (ILG) | US v. Wayne | Five years probation with twelve months home confinement | Defendant's computer connected to P2P file sharing network making CP images available for download. Gov't Sentencing Memorandum, ECF No. 43, at 1-2. Search warrant execution yielded electronic devices with at least 23 videos and 82 still images of CP (1,807 total after conversion). *Id.* Defendant charged with three counts of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 8 | PSR - 97-121 months. (CHC I, Offense level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP via P2P file sharing (2G2.2(b)(3)(F); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 43, at 2-5. |

| 10/09/14 | 13-CR-404 (NGG) | US v. Stokes | Five years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded 3 CP videos.  Gov't Sentencing Memo, ECF No. 23, at 1-2. Search warrant execution yielded laptop with 53 videos and 23 images of CP (3,998 total images after  conversion), including: "(i) a seven minute video depicting a teenage boy and a prepubescent boy engaging in oral and anal sex and masturbation; (ii) a four minute video depicting a prepubescent female displaying her vagina and anus, urinating and engaging in oral and vaginal sex with an adult male, and; (iii) a five minute video depicting a prepubescent female performing oral sex on an adult male." *Id.* Defendant charged with one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 9. | PSR - 97-121 months (CHC I, Offense level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP via P2P file sharing (2G2.2(b)(3)(F); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 23, at 3. |
| 03/03/15 | 14-CR-283 (JG) | US v. Arkhangorodskiy | Five years of supervised release, 200 hours of community service, and six months of home confinement | Defendant's computer connected to P2P file sharing network; agents downloaded 3 CP files. Complaint, ECF No 1, at 5-6. Search warrant of electronic devices revealed more files, including 5 videos on the defendant's hard drive which "included images of the sexual abuse of prepubescent children, including sexual intercourse, penetration using sex toys and  oral sex." Gov't Sentencing Memo, ECF No. 18, at 1. Defendant charged with possession of CP (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 11. | PSR - 97-121 months. (CHC I, Offense level 30). Enhancements: +2 for distribution (2G2.2(b)(3)(B); + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 18, at 2.  *Note - gov't conceded that +2 for distribution should not apply. *Id.* |

| 06/11/15 | 14-CR-286 (RJD) | US v. Bertrand | Four years probation | Defendant's computer connected to P2P file sharing network; agents downloaded multiple CP videos. Gov't Sentencing Memo, ECF No. 25, at 1-3. Search warrant execution at defendant's address yielded laptop, which contained 6 videos of CP, including "an adult male engaged in sex acts with a toddler and videos depicting adult males engaged in anal sex with prepubescent females." *Id.* Defendant charged with possession of CP (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 16. | PSR - 78 to 97 months (CHC I, Offense Level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 25, at 3. |
| 06/16/15 | 14-CR-435 (BMC) | US v. Hernandez | Four years probation | Defendant's computer connected to P2P file sharing network; agent downloaded 4 CP videos. Gov't Sentencing Memo, ECF No. 27, at 1-3. Upon executing search warrant, agents found 127 video files of CP (9,525 images after conversion) on 2 different laptops. *Id.* "The bulk of the videos displayed prepubescent boys who appear to be between ages 8 and 11, being anally penetrated by adult men. [] There were also video files that depicted babies and toddlers being anally penetrated, and children bound by tape or rope while being sexually assaulted. [] Forensic analysis of the defendant's computers also revealed that he searched for terms associated with child pornography, such as 'little boy gay rape,' 'daddy fucks boy,' 'man fucks groaning toddler,' and 'man toddler,' among other terms." *Id.* Defendant charged with possession of CP (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Information, ECF No. 14. | PSR - 97 to 120 months (CHC I, Offense Level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP via P2P file sharing (2G2.2(b)(3)(F); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 27, at 3. |

| 06/19/15 | 13-CR-628 (FB) | US v. Maliza | Three years probation | Defendant's computer connected to P2P file sharing network; agents downloaded 3 videos of CP. Gov't Sentencing Memo, ECF No. 24, at 1-2. Search warrant execution at defendant's address yielded two laptops, which contained 401 video files of CP (30,075 images after conversion). *Id.* The defendants sent at least five emails containing CP images and video. *Id.* Defendant charged with four counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), three counts of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 1. | PSR - 97-121 months (CHC I, Offense level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP via P2P file sharing (2G2.2(b)(3)(F); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 24, at 3. |
| 06/23/15 | 13-CR-392 (ILG) | US v. Roth | Five years probation with 100 hours community service | Defendant's computer connected to P2P file sharing network; agents downloaded 50 CP images. Gov't Sentencing Memo, ECF No. 47, at 1. Search warrant execution yielded computer with more than 500 images of CP. *Id.* Defendant confessed to sharing and downloading CP images approximately eight times. *Id.* He stated that prior abuse caused his interest in boys, as young as either years. *Id.* Defendant charged with six counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 7. | PSR - 97-121 months (CHC I, Offense level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP via P2P file sharing (2G2.2(b)(3)(F); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 47, at 2. |

| 07/24/15 | 14-CR-116 (RJD) | US v. Gonzalez | Five years probation | Defendant's computer connected to P2P file sharing network, which shared 7 video files of CP with undercover agent. Complaint, ECF No. 1, at 2-6, Search warrant of defendant's electronics devices yielded additional CP. Defense Sentencing Memo, ECF No. 24, at 5. Defendant charged with four counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 5. | PSR - 78-97 months (CHC I, Offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 24, at 2 & 5. |
|---|---|---|---|---|---|
| 10/04/15 | 14-CR-269 (NGG) | US v. Mule | Ten years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded 3 CP videos.  Gov't Sentencing Letter, ECF No. 26, at 1-2. Search warrant of defendant's electronic devices yielded 275 still images and 350 videos of child pornography (26,525 total images after conversion). *Id.*  Defendant also had 300 images of young, prepubescent girls - some appeared to have been taken by from social media, other appeared to be taken by the defendant in person. *Id*. Defendant charged with three counts of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 7. | PSR - 78-97 months (CHC I, Offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 26, at 2-3. |

| 02/11/16 | 15-cr-331 (CBA) | US v. Ferrell | Six years supervised release | Defendant accessed images from FBI-monitored website dedicated to CP distribution. Complaint, ECF No. 1, at 3-6. Search warrant execution of defendant's home yielded computer with 7,400 images and 3,000 videos of CP (232,400 total after conversion). *See* Sentencing Tr., ECF No. 23, at 23. Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 5. | 63-78 months. ECF No. 23, at 3. Enhancements not on docket. |
|---|---|---|---|---|---|
| 02/16/16 | 14-CR-316 (JBW) | US v. Vasquez | Seven years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded 1 image and 3 videos of CP.  Complaint, ECF No. 1, at 3-6. Search warrant execution at defendant's address yielded three thumb drives containing hundreds of video and picture files, most of which [were] password protected." *Id.* Agents identified at least 10-12 videos on drives with CP titles. They viewed 6 files on drives containing CP, including 2 videos. *Id.*  In statement to law enforcement, defendant admitted to using P2P software to video chat with minor females, who performed sex acts on video. *Id.*  Defendant also admitted to masturbating to CP. *Id.*  Total images = 1,659 (22 videos + 9 still images). *See* Court's Statement of Reasons, ECF No. 53, at 78. Defendant charged with four counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 10. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 53, at 78. |

| 11/21/17 | 16-CR-161 (PKC) | US v. Rivas | Five years probation | Defendant's computer connected to P2P file sharing network which shared CP. Gov't Sentencing Memo, ECF No. 20, at 1. Search warrant execution yielded computer with 8 video files of CP (600 images after conversion). *Id*. The videos ranged "from a few minutes to nearly one half hour in length, depicted graphic sexual abuse of prepubescent females by adult males, up to and including oral and vaginal intercourse, to completion." *Id.* at 4. Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). *Id.* at 2. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 20, at 2. |
| 01/22/19 | 16-cr-191 (PKC) | US v. Kim | Five years probation | Defendant accessed images from FBI-monitored website dedicated to CP distribution. Gov't Sentencing Memo, ECF No. 68, at 1-2. Search warrant execution of defendant's home yielded computer with 29 videos of CP (2,175 images after conversion). *Id*. Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 18. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 68, at 3. |

| 06/06/19 | 15 CR 620 (ILG) | US v. Allen | Four years probation | Defendant accessed images from FBI-monitored website dedicated to CP distribution. Gov't Sentencing Memo, ECF No. 78, at 1-2. Search warrant execution of defendant's home yielded computer with 670 images and 178 videos of CP (14,020 total images after conversion). *Id.* Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 14. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 78, at 2. |
| 02/22/21 | 16-cr-622 (FB) | US v. Robinson | Five years probation | Defendant's computer connected to P2P file sharing network which shared four video files "that depicted adults raping children." Gov't Sentencing Memo, ECF No. 71, at 1. Search warrant execution yielded electronic devices with "tens of thousands of child pornography images, including videos of toddlers and videos depicting infants being anally penetrated." *Id* at 2-3. The devices contained, ""at least 18,660 child pornography files (not counting duplicates), as well as an additional 21,780 files of likely child pornography (again, not counting duplicates), in addition to 49,000 files that were not categorized but whose filenames suggest that they are child pornography." *Id.* at 4. Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 9. | PSR - 108-135 months (CHC I, offense level 31). Gov't Sentencing Memo, ECF No. 71, at 2. |

| 06/23/21 | 18-CR-665 (PKC) | US v. Bien-Aime | Five years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded over 2000 CP images and videos. Complaint, ECF No. 1, at 2-3. A preliminary forensic analysis of defendant's computer revealed approximately 1,170 images and videos of CP. *Id* at 4. "Almost all" of the material contained "adult sexual penetration of girls between the ages of 7 and 12." Gov't Sentencing Memo, ECF No. 52, at 3. Defendant was charged with two counts of distribution of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). Indictment, ECF No. 13. | PSR - 97-121 months. (CHC I, Offense level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP via P2P file sharing (2G2.2(b)(3)(F); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 52, at 3. |
| 09/21/21 | 18-CR-630 (MKB) | US v. Maelzner | Five years supervised release | Agents were notified that the defendant used cryptocurrency to purchase suspected CP online. Defendant was detained at LaGuardia airport after disembarking a flight from Canada. Gov't Sentencing Memo, ECF No. 48, at 2-3. He lied to agents about the number of electronic devices in his possession, and provided them a fake password to his devices. *Id.* A forensic analysis of his devices revealed "28,775 images, including videos, of females as young as 8 years old fully nude and in sexually suggestive positions." *Id.* Defendant was charged with one count of transportation of CP (18 U.S.C. §§ 2252(a)(1), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). *Id.* at 3. | PSR - 51-63 months (CHC I, Offense level 24). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 48, at 4. |

| 05/11/22 | 20-CR-488 (NGG) | US v. Mughal | Five years supervised release | Defendant was detained at JFK airport after disembarking a flight from Pakistan. Gov't Sentencing Memo, ECF No. 25, at 1-2. Agents found 23 CP videos (1,725 images after conversion) on defendant's laptop, iPhone, and thumb drive. *Id.* "The videos, some minutes long, depict prepubescent children and toddlers being sexually abused by adults." *Id.* Defendant was charged with one count of possession of CP (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). *Id.* at 2. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 25, at 2. |
| 12/06/22 | 20-cr-229 (MKB) | US v. Ferreira | Five years supervised release | Defendant purchased CP on a website with servers located in Ukraine or Moldova. Gov't Sentencing Memo, ECF No. 53, at 1-2. Search warrant execution yielded two laptops with more than 3,201 images and 110 videos of CP (11,451 total images after conversion). *Id.* Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252(a)(2), 2252(b)(1)), and one count of possession (18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2)). *Id.* at 3. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 53, at 3. |

| 10/10/23 | 20-cr-561 (RPK) | US v. Garrett | Five years probation | Defendant used social media to meet children and solicit CP and to connect with other collectors of CP. Gov't Sentencing Memo, ECF No. 53, at 1. Defendant received several images from children defendant messaged. *Id.* at 1-2. Defendant distributed CP in a group chat devoted to CP. *Id.* at 3. A search warrant execution yielded several links saved on defendant's electronics to sites containing CP, including link defendant distributed. *Id.* at 4. Defendant was charged with one count of production of CP (18 U.S.C. § 2251(a)), and one count of distribution of CP (18 U.S.C. § 2252(a)(2)). *Id.* at 4. | 168-210 months (CHC I, offense level 35). Cross Reference to 2G2.1. Enhancements: +2 for minor older than twelve, younger than sixteen (2G2.1(b)(1)(B)); +2 for commission of sexual act or sexual contact (2G2.1(b)(2)(A)); +2 for computer use (2G2.1(b)(6)). ECF No. 53, at 5. |
| 02/01/24 | 22-CR-25 (JMA) | US v. Plakstis | Five years probation | Defendant reported by Google for uploading numerous CP files to Google account. Gov't Sentencing Memo, ECF No. 40, at 1. Agents searched defendant's Google accounts and phone and found 950 images of CP "includ[ing] images of toddlers being orally, vaginally, and anally penetrated by adult males; and images of prepubescent girls in various states of nudity." *Id.* at 2. Additionally, "defendant's search history included terms such as 'little girls with thongs on' and 'kids bath.'" *Id.* Defendant was charged with two counts of possession of CP (18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2)). *Id.* at 1. | 51-63 months per plea agreement (CHC I, offense level 25) ECF No. 40, at 2-3. PSR calculated 78-97 months (CHC I, offense level 28). *Id.* Enhancements: +2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)) (not applied in plea agreement); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). *Id.* |

# Exhibit C

| Date Sent. | Case Number | Case Name | Sentence | Factual Summary | Guidelines |
|---|---|---|---|---|---|
| 02/01/11 | 10-CR-341 (SHS) | US v. Santana | Three years probation with three months in community confinement | "From at least 2008 through 2009, the defendant downloaded from the internet, and maintained at his residence, pornographic videos of, among other things, pre-pubescent girls performing oral sex, having sexual intercourse and males ejaculating onto naked prepubescent females." Gov't Sentencing Memo, ECF No. 14, at 1. Defendant charged with possession of CP (18 U.S.C. §§ 2252(a)(5)(B), 2). Information, ECF No. 2. | PSR - 78 to 97 months (CHC I, Offense Level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). *See* ECF No. 14, at 1-2. |
| 03/02/11 | 09-CR-678 (RJS) | US v. Jin | Five years probation | Undercover agent met defendant in online chatroom titled "#baby&toddlerlove." Gov't Sentencing Memo, ECF No. 39, at 3-4. Defendant admitted to sharing CP, viewing CP with preference for children, ages between 6 and 15, and engaging in "sexual behavior with 20 to 30 children in that age range, including a six-year-old girl whom he used to babysit." *Id.* Defendant shared hyperlink with images of CP to undercover agent. *Id.* Search warrant execution yielded electronic media, but most files were erased. *Id.* Forensic recovery identified several files with CP images, and the defendant admitted to possessing approximately five videos (375 images after conversion). *Id.* Defendant charged with one count of advertising/promoting CP (18 U.S.C. §§ 2252A(a)(3)(b)(i) and (2)). Indictment, ECF No. 11. | PSR - 57-71 months. (CHC I, offense level 25). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP (2G2.2(b)(3)(F); +2 for computer use (2G2.2(b)(6)); +4 for 300+ images (2G2.2(b)(7)(D)). *See* ECF No. 39, at 4-5. |

| 03/01/12 | 08-CR-674 (LAP) | US v. Genin | Ten years supervised release | Defendant continuously purchased CP videos from website over one-year period. Gov't response to defendant's pretrial motions, ECF No. 14, at 4-9. Search warrant execution of defendant's home yielded "hundreds of dvd videos and vhs tapes that appeared to contain child pornography." Complaint, ECF No. 13-2, at 5. Defendant charged with possession of CP (18 U.S.C. §§ 2252(a)(5)(B), 2). Information, ECF No. 11. | Not on docket. |
| --- | --- | --- | --- | --- | --- |
| 03/05/12 | 11-CR-939 (RPP) | US v. Ressa | Time served with 50 hours of community service | Defendant's computer connected to P2P file sharing network; agents downloaded 17 CP files. Gov't Sentencing Letter, ECF No. 20, at 2-4. Search warrant of defendant's electronic devices yielded at least 258 images and 21 video files of CP (1,833 total images after conversion), the majority of which "showed minor-aged and prepubescent boys engaged in simulated and actual sex acts with each other and adult males, as well as lewd and lascivious exhibition of the genitals." *Id.* Defendant charged with possession of CP (18 U.S.C. §§ 2252(a)(5)(B), 2). Information, ECF No. 18. | PSR - 78-97 months. ECF No. 20, at 4-5. |
| 09/18/12 | 10-CR-914 (BSJ) | US v. Garcia | Five years probation | Defendant charged with one count of distribution of CP (18 U.S.C. §§ 2252A(a)(2), 2252(b)(1)) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2). Indictment, ECF No. 12. No facts on docket. | Not on docket. |
| 09/20/12 | 11-CR-1114 (VLB) | US v. Spellman | Five years supervised release | Defendant charged with one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B), 2). Information, ECF No. 20. No facts on docket. | Not on docket. |

| 10/02/12 | 11-CR-427 (DAB) | US v. Morel-Baca | Five years supervised release | Defendant's computer connected to P2P file sharing network and shared CP files. Gov't Sentencing Memo, ECF No. 18, at 3-4. Search warrant execution yielded laptops with 139 videos and 14 images of CP (10,439 total images after conversion), and "[t]he majority of these images and videos depicted prepubescent girls and boys engaged in sex acts, such as oral sex, anal penetration, and vaginal sex. The sex acts both took place between the children as well as between children and adults. Several videos depicted female toddlers being vaginally penetrated by an adult male's erect penis and/or foreign objects." *Id.* Defendant charged with one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B)). Indictment, ECF No. 8. | PSR - 78-97 months. ECF No. 18, at 4-5. |
| 05/22/13 | 12-CR-462 (VLB) | US v. Colon | Five years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded 1 CP video. Gov't Sentencing Memo, ECF No. 20, at 2-3. Search warrant execution yielded computers with 41 videos of CP (3,075 images after conversion). *Id.* Defendant charged with one count of distribution of CP (18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1)) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2). Indictment, ECF No. 12. | PSR - 63-78 months (CHC I, Offense level 30). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +2 for distribution of CP (2G2.2(b)(3)(F)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). ECF No. 20, at 3-4. |
| 03/17/14 | 14-CR-180 (ALC) | US v. Angeles | Seventeen years supervised release | Defendant charged with one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2). Information, ECF No. 11. Limited facts on docket. | PSR - 78-97 months. Defense Sentencing Memo, ECF No. 31, at 4. |

| 05/29/14 | 11-CR-455 (VM) | US v. Kato | Five years probation, six months of house arrest, six months of community service. | Defendant charged with one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2). Indictment, ECF No. 17. No facts on docket. | Not on docket. |
|---|---|---|---|---|---|
| 04/10/15 | 14-CR-341 (AJN) | US v. Pinero | Three years supervised release with one year home confinement | Defendant's computer connected to P2P file sharing network; agents downloaded 3 CP videos. Gov't Sentencing Memo, ECF No. 38, at 3-5. Search warrant execution yielded electronic devices with 26 videos of CP (1,950 images after conversion). *Id.* The defendant admitted to having "batch downloaded" likely hundreds of CP images and videos. *Id*. Defendant charged with one count of transportation of CP (18 U.S.C. §§ 2252A(a)(1)), and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B)). Indictment, ECF No. 7. | 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 38, at 4. |
| 06/25/15 | 14-CR-537 (NRB) | US v. Trinidad | Five years supervised release | Defendant's computer connected to P2P file sharing network and shared CP files. *See* Complaint, ECF No. 1, at 4. Search warrant yielded computer, and preliminary forensic review revealed "at least fifty videos" of CP (3,750 images after conversion). *Id.* at 5. Defendant charged with one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)). Indictment, ECF No. 14. | Not on docket. |

| 08/21/15 | 14-CR-475 (RA) | US v. Galicia | Five years supervised release | Defendant's computer connected to P2P file sharing network and shared CP files. Gov't Sentencing Memo, ECF No. 24, at 1-2. Search warrant execution yielded computer with 8 deleted videos and 13 deleted images of CP (613 total images after conversion). *Id.* Defendant admitted to distributing CP. *Id.* Defendant charged with one count of transportation, receipt, and distribution of CP (18 U.S.C. §§ 2252(a)(1), (a)(2)(A), and (a)(2)(B)) and one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)). *Id.* at 2. | PSR - 57-71 months (CHC - 1, offense level 25). ECF No. 24. |
| 12/02/15 | 14-CR-370 (PKC) | US v. Ryan | Three years supervised release | Defendant used two Google email accounts to send and receive CP images and video for an approximate ten-month period. Complaint, ECF No. 1, at 2-5. Defendant charged with one count of transportation and distribution of CP (18 U.S.C. §§ 2252A(a)(1)), and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B)). Indictment, ECF No. 7. | Not on docket. |
| 02/08/16 | 14-CR-660 (KMW) | US v. Colon | Five years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded CP video and image. Complaint, ECF No. 1, at 3-5. Search warrant execution yielded electronic devices with more than 150 videos and more than 100 images of CP (11,350 total images after conversion). *Id.* Defendant charged with two counts of transportation of CP (18 U.S.C. §§ 2252A(a)(1), (a)(2)(b)), and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B)). *Id.* at 1-2. | Not on docket. |

| 02/23/16 | 12-CR-305 (LAP) | US v. Burgoa-Hernandez | Five years supervised release | Defendant used a publicly available file sharing program to share CP. Gov't memo in opposition to defense motion to suppress, ECF No. 30, at 3-4. Search warrant execution yielded computer with videos showing, among other things, "a six year-old girl being raped by an adult male, and an eight year- old girl—bound by her wrists, abdomen, and thighs—being raped by an adult male." *Id.* Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1)), and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). Indictment, ECF No. 6. | Not on docket. |
| 02/24/16 | 12-CR-39 (KBF) | US v. Ramirez | One year probation | Defendant charged with one count of transportation of CP (18 U.S.C. §§ 2252A(a)(1)), and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B)). Indictment, ECF No. 7. No facts on docket. | Not on docket. |
| 10/28/26 | 14-CR-183 (JGK) | US v. Meyer | Five years probation | Defendant was recipient of letter that included obscene depictions of a child, sent by a federal prison inmate. Gov't Sentencing Memo, ECF No. 38, at 2-3. Defendant admitted to agents that he downloaded CP online for the previous five years. *Id* . Forensic search of defendant's laptop revealed over 250 videos and over 495 images of CP (19,245 total images after conversion). Defendant was charged with one count of distribution and receipt of CP (18 U.S.C. §§ 2252A(a)(2)(A) & (B)) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). Indictment, ECF No. 9. | PSR - 78-97 months. ECF No. 38, at 3. |

| 12/06/16 | 16-CR-211 (PAE) | US v. Gonzalez | Six years supervised release with 300 hours of community service | Defendant's computer connected to P2P file sharing network; agents downloaded three 3 CP videos. Complaint, ECF No. 1, at 2-5. Search warrant execution yielded computer with deleted CP images, recovered through forensic analysis. *Id.* Total number of images is not reported. Defendant was charged with one count of receipt of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), 2) and one count one possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 1-2. | 33-41 months. Defense sentencing memo, ECF No. 38, at 3. |
| 01/09/17 | 14-CR-432 (JPO) | US v. Rivera Gallegos | Three years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded three 3 CP videos. Gov't Sentencing Memo, ECF No. 34, at 1-2. While agents executed a search warrant, the defendant's computer was downloading CP files. *Id.* at 2. The laptop contained at least 50 CP videos (3,750 images after conversion). *Id.* Defendant was charged with one count of one count of transportation of CP (18 U.S.C. §§ 2252A(a)(1)), one count of receipt of CP (18 U.S.C. §§ 2252A(a)(2)(A) & (B)) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 3. | 78-87 months. ECF No. 34, at 3. |

| 03/15/17 | 16-CR-565 (CS) | US v. Sauer | Five years supervised release | Defendant bought CP images and videos via email from sellers in the Philippines. Complaint, ECF No. 2, at 2-6. Agents obtained emails to the defendant containing 2 videos and 50 CP photos (200 total images after conversation). *Id.* In a statement to agents, the defendant admitted to regularly interacting with young women in the Philippines via the internet for various purposes, including paying them to dance nude via web cam. *Id.* Defendant admitted to deleting the CP files, and they could not be recovered through forensic analysis. *Id.* Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* | 78-97 months. Gov't Sentencing Memo, ECF No. 25, at 5. |
| 06/27/17 | 17-CR-30 (PAC) | US v. Duffy | Five years probation with 1800 hours of community service | Defendant's computer connected to P2P file sharing network; agents downloaded 17 files containing CP. Gov't Sentencing Memo, ECF No. 31, at 1-2. Search warrant execution yielded electronic devices containing 32 videos and 175 images of CP (2,400 total images after conversion). *Id.* The defendant also had numerous, graphic videos of prepubescent children being violently spanked. *Id.* Defendant was charged with one count of distribution and receipt of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 2. | PSR - 97-108 months. ECF No. 31, at 3. |

| 09/15/17 | 16-CR-765 (JGK) | US v. Gabriel | Three years probation | Defendant's computer connected to P2P file sharing network; agents downloaded 20 video files containing CP. Gov't Sentencing Memo, ECF No. 36, at 1-2. Search warrant execution yielded electronic devices containing 203 videos and 156 images of CP (15,381 total images after conversion). *Id*. Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 2. | PSR - 78-97 months. ECF No. 36, at 2. |
|---|---|---|---|---|---|
| 09/21/18 | 17-CR-532 (PAE) | US v. Garcia | Seven years supervised released with three months in community treatment center | Defendant's computer connected to P2P file sharing network; agents downloaded 249 files containing CP. Gov't Sentencing Memo, ECF No. 32, at 1. The defendant admitted to downloading and viewing CP for approximately three years. *Id.* Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 2. | PSR - 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 32, at 2. |
| 02/08/19 | 17-CR-790 (RA) | US v. Bowie | Five years supervised release | Defendant's computer connected to P2P file sharing network; agents downloaded 60 files containing CP. Complaint, ECF No. 1, at 2-6. Search warrant execution yielded computer containing 5 CP video files (450 images after conversion). *Id.* Defendant admitted that he deleted the files that agents uploaded from his computer. *Id.* Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 1-2. | Not on docket. |

| 07/22/19 | 19-CR-51 (RMB) | US v. Lorber | Five years probation | Defendant used Bitcoin to purchase 91 CP videos from a website on the dark web. Gov't Sentencing Memo, ECF No. 23, at 1-2. The videos "depicted prepubescent children, toddlers, and violence." *Id.* In his statement at the time of the search warrant execution, the defendant admitted to masturbating to CP then deleting it out of guilt. *Id.* Defendant's electronic devices contained 438 images and 22 videos of CP (2088 total images after conversion), some of which "depicted prepubescent minors, including children who appeared to be as young as four to six years old, and . . . depictions of violence or masochistic conduct." *Id.* Defendant self-surrendered, waived indictment, and pled to one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 2. | PSR - 78-97 months. ECF No. 23, at 3. |

| 09/06/19 | 17-CR-502 (RA) | US v. Richardson | Five years supervised release | Defendant shared hundreds of CP images for download over a one-year period, after law enforcement warned him that his Google accounts were associated with uploading CP. Gov't Sentencing Memo, ECF No. 48, at 1-2. When law enforcement approached defendant again, he admitted to possessing and distributing CP over a Google account. *Id.* A search of the defendant's electronic devices revealed 4 videos and 156 images of CP (456 total images after conversion). *Id.* Defendant fled the country to China and a red notice was issued. *Id.* Defendant returned after being accused of assault in China. *Id.* Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* While out of custody on bail - including the day of his guilty plea - the defendant violated his bail conditions four separate times by uploading CP files. *Id.* at 3-4. | PSR - 70-87 months. ECF No. 48, at 2. |
| 12/11/19 | 18-CR-207 (ALC) | US v. Flores | Five years supervised release | Defendant's computer had P2P file sharing software; agents downloaded multiple CP videos and one image. Complaint, ECF No. 1, at 5-7. Search warrant execution yielded electronic devices, one of which contained at least 2 videos and 2 images of CP (152 total images after conversion). *Id.* There are no additional details regarding a forensic analysis of the other devices. Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). *Id.* at 1-2. | Not on docket. |

| 03/18/21 | 19-CR-749 (JPO) | US v. Sprecher | Five years probation | For nearly a one-year period, the defendant "possessed hundreds of child pornography videos and pictures." Gov't Sentencing Memo, ECF No. 31, at 1. Defendant used P2P software to share CP. Complaint, ECF No. 1, at 3-5. Search warrant execution yielded hard drive with at least 5,000 thumbnail images, at least 100 deleted images, at least 130 videos, and at least 15 deleted videos." Gov't Sentencing Memo, ECF No. 31, at 1. Defendant was charged with one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2) and one count of possession (18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). | PSR - 78-97 months. (CHC I, offense level 28). Enhancements: + 2 for minors under age twelve (2G2.2(b)(2)); +4 for sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D). ECF No. 31, at 2. |
|---|---|---|---|---|---|
| 12/20/21 | 19-CR-97 (JSR) | US v. Hernandez | Five years supervised release | For about a year, defendant had online communications and engaged in sexually explicit acts with 13-year-old teenager. Defense Sentencing Memo, ECF No. 67, at 2-3. Search warrant execution yielded laptop containing several images and videos of CP, including images depicting prepubescent children. Gov't Sentencing Memo, ECF No. 66, at 2. Defendant was charged with one count of possession of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2). *Id*. at 2. | 135-168 months (CHC I, offense level 33). Sentencing Tr., ECF No. 73, at 2-3. |

| 02/11/22 | 21-CR-583 (DLC) | U.S. v. Turner | Five years probation | For nearly ten years, defendant possessed, distributed and was involved in production of CP through P2P software and other online messaging services. Gov't Sentencing Memo, ECF No. 28, at 1-2. Review of defendant's accounts revealed chats with minors where defendant falsely represented himself as a minor to convince minors to produce and send images of themselves engaging in sexually explicit conduct. *Id*. Defendant also participated in group chats with others where participants shared CP. *Id*. at 2. Forensic analysis revealed defendant's accounts contained a total of 292 images and 278 videos of minors, including prepubescent children. *Id*. at 2-3. Defendant was charged with one count of production of CP (18 U.S.C. §§ 2251(a), (e), & 2), one count of receipt and distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2), and one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), & 2). Gov't Sentencing Memo, ECF No. 28, at 3. | 240 months (CHC I, offense level 41) (GL calculation surpassed statutory maximum at 324-405 months). Sentencing Tr., ECF No. 32, at 3-4. |

| 09/07/22 | 20-CR-275 (NSR) | US v. Pamperien | Five years supervised release | Homeland Security investigations of website that sold and distributed CP revealed that defendant had purchased CP images. Gov't Sentencing Memo, ECF No. 58, at 1. Search warrant execution for defendant's email account revealed defendant purchased several "archives" of CP from the website. *Id*. at 2. Analysis of defendant's electronics pursuant to arrest determined defendant possessed over 200,000 images of "clothed, partially nude, or nude prepubescent or 'age difficult' females." *Id*. Defendant was charged with one count of possession of CP (18 U.S.C. § 2252(a)(5)(B), (b)(2)). *Id*. | 51-63 months (CHC I, offense level 24). Gov't Sentencing Memo, ECF No. 58, at 3. |
| --- | --- | --- | --- | --- | --- |
| 09/22/22 | 22-CR-278 (NSR) | US v. Rojas | Five years supervised release | For approximately three years, defendant used a P2P file-sharing software to download and share CP. Gov't Sentencing Memo, ECF No. 42, at 1. A search warrant was executed, uncovering around 74 videos of CP on defendant's computer, "including material involving a prepubescent minor." *Id*. Forensic analysis showed that the computer had also been used to distribute CP. *Id*. Defendant was charged with one count of possession of CP (18 U.S.C. § 2252(a)(5)(B), 2252A(b)(2)). *Id*. at 1-2. | 63-78 months (CHC I, offense level 26). Enhancements: +2 for minors under age twelve (2G2.2(b)(2)); +2 for knowingly engaging in distribution of CP (2G2.2(b)(3)(F)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). Gov't Sentencing Memo, ECF No. 42, at 2. |

| 11/03/22 | 22-CR-101 (JMF) | US v. Vieser | Ten years supervised release | Defendant shared hundreds of videos and images to undercover law enforcement officer through website and messaging application. Gov't Sentencing Memo, ECF No. 34, at 1. Search warrant execution revealed defendant possessed tens of thousands of videos and images of CP on "File Hosting Service," including "videos depicting male and female children as young as six months old engaged with adults and other children in various sex acts and positions." *Id*. at 1-2. Further investigation revealed these files were acquired through one transfer from another user of the "File Hosting Service." *Id*. Defendant was charged with one count of possession of CP (18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), & 2) and one count distribution of CP (18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), & 2). *Id*. | 97-121 months (CHC I, offense level 30). Gov't Sentencing Memo, ECF No. 34, at 3. Enhancements not on docket. |
| --- | --- | --- | --- | --- | --- |
| 12/14/22 | 22-CR-386 (VB) | US v. Ramirez | Ten years supervised release | FBI agents discovered a P2P file associated with Defendant's IP address, which contained several CP videos. Gov't Sentencing Memo, ECF No. 51, at 1-2. Search warrant execution yielded computer containing P2P software, over 40 images and over 15 videos of CP. *Id*. at 4-5. Defendant informed FBI agents that he used the P2P software to "research" CP cases to "see what people are getting arrested for." *Id*. Defendant was charged with one count of possession of CP (18 U.S.C. § 2252A(a)(5)(B), (b)(2)). Information, ECF No. 38. | 97-121 months (CHC I, offense level 30). Gov't Sentencing Memo, ECF No. 51, at 6. Enhancements: +2 for minors under age twelve (2G2.2(b)(2)); +2 for knowingly engaging in distribution (2G2.2(b)(3)(F)); +4 for portrayal of sadistic or masochistic conduct (2G2.2(b)(4)); +2 for computer use (2G2.2(b)(6)); +5 for 600+ images (2G2.2(b)(7)(D)). *Id*. at 5-6. |