**Igor Niman, Esq.**
**Attorney at Law**
**1909 East 17th Street**
**Brooklyn, NY 11229**
**Phone: (917) 254-1297**
**Email: igor_niman@yahoo.com**

February 20, 2026

Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                              Re:    <u>United States v. Kurbonali Sultanov</u>,
                              Docket No.: 22-cr-149

Dear Judge Morrison:

Counsel for Mr. Kurbonali Sultanov respectfully submits this letter motion requesting permission to seal certain filed documents, or in the alternative in redacted form, certain sentencing submissions filed in advance of Mr. Sultanov's sentencing.

Specifically, Mr. Sultanov seeks to seal or redact following documents:

(1)    the sentencing memorandum dated February 20, 2026, including Exhibits A, B, and C; (Docket 68) and

(2)    the objections to the Presentence Investigation Report and proposed conditions of supervised release dated February 20, 2026. (Docket 67).

Although sentencing submissions are judicial documents, the presumption of public access is qualified and may be overcome by countervailing interests. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2006). Here, the materials contain extensive highly sensitive information, including:

    a. Information that discusses issues related to victims of the crimes;

    b. detailed mental health treatment information concerning Mr. Sultanov;

c. medical information regarding his disabled child and ill parents;

d. personal, financial, and family details concerning numerous innocent third parties, including minor family members and relatives abroad; and

e. information that, if publicly disclosed, would expose Mr. Sultanov and his family to unnecessary stigma and potential harm.

Courts in this Circuit routinely permit sealing or redaction of sentencing materials that disclose medical, mental health, and family information, particularly where innocent third parties are involved. See, United States v. Amodeo, 71 F.3d 1044, 1050–51 (2d Cir. 1995); United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995).

The public's interest in access to this material is minimal. Public disclosure of these intimate personal details would not meaningfully enhance understanding of the Court's sentencing determination, while the privacy and safety interests at stake are substantial.

For these reasons, Mr. Sultanov respectfully requests that the Court grant this letter motion to seal, or alternatively to permit redacted public filings.

Thank you for the Court's consideration.

Respectfully submitted,

/s/_____
Igor Niman, Esq.
Attorney for the Defendant
1909 East 17th Street
Brooklyn, NY 11229
Phone: (917) 254-1297
Email: igor_niman@yahoo.com