# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200  Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and
Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

June 8, 2026

Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Kurbonali Sultanov*, 22 CR 149

Dear Judge Morrison:

I am writing to inform the Court that the parties, and counsel for the identified victim have reached an agreement that Mr. Sultanov will pay $4,000 in restitution. The government and Mr. Sultanov have further agreed that he will pay that restitution at the rate of 5% of his monthly gross pay. I, thus, respectfully request that the Court set restitution at $4,000, to be paid in monthly installments of 5% of his monthly gross pay.

At sentencing, the Court also requested that I provide citations to support my request that Mr. Sultanov's condition of not associating with minors without advance approval (with the exception of video conferences with his son, niece, and nephew) include the word "knowingly." *See* Transcript of Sentencing ("T") at p. 38-39. I apologize that I inadvertently misreported my experience in stating that I regularly request to add the word "knowingly" to this specific condition and that probation's standard response to my request is that it is "assumed." *See* T. at p. 39. While I do regularly make a similar request and probation does have a similar response, I confused two common non-association conditions at Mr. Sultanov's sentencing: the condition against associating with minors and the condition against associating with sex offenders. It is the latter condition – against associating with sex offenders – that I

regularly request be clarified with the word "knowingly," to which Probation regularly responds that the word "knowingly" is assumed.[1]

Although I have not regularly made the same objection with respect to the non-association with minors condition, the same reasoning applies for this non-association condition as the other one. As probation regularly states, people on supervised release aren't violated for accidental or unintentional conduct. That should be just as true for any non-association condition, thus, it makes as much sense to include the word "knowingly" with respect to association with people with sex offense convictions as it does for association with minors.[2]

---

[1] For example, in the sentencing of Carl Garrett, 20-cr-561 (RPK), Judge Kovner explained:

> The next condition that Probation recommends is the defendant shall not associate with or have any contact with convicted sex offenders unless in a therapeutic setting with the United States Probation Department. The defendant proposes adding the word knowingly. So not knowingly associate. The Government concurs.

> Probation indicates that it regards there as being an implicit requirement of knowing association. I am going to add that language unless either party wants to be heard or Probation wants to be heard why I shouldn't. It is just making explicit what is already implicit that seems useful to everybody so that the words convey the extent of the limit. Sentencing Transcript at p. 32.

*See also United States v. Michael Shearer*, 22-cr-225; PSR Addendum (probation's response to defense request to add "knowingly" to "the Non-Association/Contact with Convicted Sex Offenses Condition": "This objection is superfluous. The Probation Department does not seek to violate defendants for engaging in conduct accidentally or unintentionally"); *United States v. Pepio*, 20-cr-562 (HG); Sentencing Transcript at p. 65 (including word "knowingly" for non-association with sex offenders condition); Pepio PSR Second Addendum ("It is understood that the defendant will be violated only for conditions that he knowingly violates and, as such, it is unnecessary to alter the language of this condition").

[2] Judge Kovner did something similar in Carl Garrett's case, although his factual situation was different as he worked in a public supermarket, where it was anticipated that he could have incidental contact with minors. *See, e.g.,* Garrett Transcript at p. 33 ("The next condition is about not knowingly associating with children under the age of 18. The defendant requests language that permits Mr. Garrett to have incidental contact with people under age 18 in public at his job… I would propose to add a sentence that says: Incidental contact with children under age 18, in public, at Mr. Garrett's job or Mr. Garrett's workplace is permitted but Mr. Garrett may not arrange to meet

Thus, I humbly apologize for my incorrect representation regarding the word knowingly in this condition, but respectfully submit that the Court's inclusion of the word knowingly was nonetheless correct.

Respectfully submitted,

/s/
Allegra Glashausser
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8739
allegra_glashausser@fd.org

---

minors at his job site) & p. 34 ("I am going to include …[that language] even though it may be possible that it is superfluous and implicit.").